**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAVEN BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>RENAISSANCE SAINT LUKE SLF L.P., d/b/a THE POINTE AT GREENVIEW,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26 C 11391<br><br>Judge John J. Tharp, Jr. |

**ORDER**

For the reasons set forth in the statement below, the defendant's motion to dismiss Counts IV [14] is denied. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), defendant's responsive pleading is due by 11/24/2026.

**STATEMENT**

The amended complaint asserts a single claim, namely that St. Luke used Ms. Raven Brooks' paternity leave as a means to take adverse employment actions against her. The plaintiff asserts, in nine counts, that her employer's treatment is unlawful under Title VII, the Pregnant Workers Fairness Act, and the Family and Medical Leave Act, respectively. The defendant argues that two of the counts alleging violations of the Pregnant Workers Fairness Act are duplicative, but in so arguing, the defendant conflates legal claims with the legal theories that support them.

A "claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quotation omitted). "Counts" are the authorized device for asserting distinct claims—that is, claims "founded on a separate transaction or occurrence," *see* Fed. R. Civ. P. 10(b)—but as here, are often employed to assert different legal theories in support of a claim.[1] A "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal," *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992), but no matter how many legal theories, or "counts," a plaintiff may assert, they constitute a single "claim" to the extent they are premised on the same facts. "[D]ifferent legal theories . . . do not multiply the number of claims for relief." *NAACP v. Am.*

[1] Though a common practice, setting forth legal theories in separate counts is inconsistent with the federal pleading rules. As Judge Shadur explained in *Bonestroo, Rosene, Anderlik & Associates v. Devery*, "the use of separate counts to set out different theories of recovery is a mistaken manifestation of the state law 'cause of action' approach, rather than the federal concept of 'claim for relief.'" No. 05-cv-02184, 2006 WL 1005284, at *11 (N.D. Ill. Apr. 12, 2006) (citing *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1991)).

*Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1992); *see also id.* ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.").

The distinction between claims and legal theories is important because Rule 12(b)(6) permits only the dismissal of claims, not legal theories. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). "[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). To the extent that any viable legal theory exists to support a claim, that claim will survive a motion to dismiss. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012); *Croixland Props. Ltd. v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999) ("[I]f one of the theories can survive a Rule 12(b)(6) motion, the district court cannot dismiss the complaint."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, No. 22-cv-02251, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains[.]").

The time for identifying and testing the viability of legal theories comes after pleading and responding to the complaint, during discovery and the summary judgment process. *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L., P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleadings."); *BBL,* 809 F.3d at 325 ("Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for '[p]artial [s]ummary [j]udgment' and require parties to 'identif[y] each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.'") (alterations in original) (quoting Fed. R. Civ. P. 56(a)); *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery."). At this stage, it is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (quoting *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). "A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

"What this all means is that when two theories based on the same facts—and part of a single claim for relief—are presented in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016). "And the challenged *theory* can't be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." *Id.* So here, where the plaintiffs have asserted multiple legal theories in support of a claim, the defendant faces the challenging task of demonstrating that there is no legal theory under which the plaintiff is entitled to relief. If even one legal theory plausibly gives rise to a claim for relief, then it does not matter whether the rest of the theories the plaintiff has advanced, or any theory the plaintiff has not advanced, would succeed or fail. If just one theory could entitle the plaintiff to relief, the complaint cannot be dismissed and a motion pursuant to Rule 12(b)(6) must be denied.

In this case, Saint Luke argues that the Court should dismiss Count IV because it is duplicative of Count III. St. Luke is correct that "Counts III and IV rest on the same operative facts and the same alleged injury," but that means that these "counts" form the same claim. *Sojka*, 686 F.3d at 399. The Court only considers whether to dismiss claims on a 12(b)(6) motion, not whether the claim can support multiple legal theories or whether those legal theories are actually one and the same. Fed. R. Civ. P. 12(b)(6) (requiring the Court to examine whether the plaintiff has "fail[ed] to state a claim upon which relief can be granted."). St. Luke may challenge the complaint's single claim, but it cannot challenge only two of the nine legal theories posited by the "counts." And while it is true that the Seventh Circuit has stated that district courts have a great deal of discretion in dismissing duplicative claims, that is only when the duplicative claims are part of different actions brought under separate complaints. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("In the case before us, it is clear that Serlin's ***two complaints*** involve the same parties and seek the same remedies.") (emphasis added). That is not the case here, as Counts III and IV originate from the same complaint.

The Court may only assess the sufficiency of claims, but St. Luke challenges the overlapping boundaries of two legal theories under the Pregnant Workers Fairness Act —*i.e.*, a failure to accommodate and a denial of employment opportunities. Accordingly, the defendant's motion to dismiss Count IV is denied.

Date: November 10, 2026

John J. Tharp, Jr.
United States District Judge